Shinn v. Settle, 222 Ill. App. 463.

Finding no reversible error in the record the judgment of the trial court is affirmed.

*Judgment affirmed.*

## O. T. Shinn, Appellant, v. R. C. Settle, Appellee.

1. TRIAL—*when cross-examination improper as involving matters not in issue.* In an action against defendant as indorser of a promissory note, where the only defense relied upon by defendant was that he did not indorse the note, neither the consideration for the note nor the claim of an agreement or understanding that defendant was not to be held liable on the indorsement was in issue, and it was error to permit cross-examination of plaintiff concerning them.

2. EVIDENCE—*admissibility of standards for comparison of handwriting.* Under the statute providing for a standard of comparison of handwriting (Cahill's Ill. St. ch. 51, ¶¶ 50-52), the right to offer a proposed standard is not limited to the party contending that the signature is genuine but such standard may be offered by either party.

3. EVIDENCE—*practice where objection raised to introduction of standard for comparison of handwriting.* Under section 2 of the statute relating to a standard for comparison of handwriting (Cahill's Ill. St. ch. 51, ¶ 51), if the objection is seasonably made, reasonable notice must be given before such writings may be introduced in evidence.

4. EVIDENCE—*instruments admissible as standards for comparison of handwriting.* A defendant who denies the genuineness of his signature upon an instrument sued upon has no right to offer in evidence as a comparison instruments signed by him after the controversy has arisen over the signature involved.

5. APPEAL AND ERROR—*when instruction as to issues erroneous.* In an action upon an indorsement of a promissory note where, under the pleadings, the only issue involved was as to the genuineness of the indorsement, it was error to modify a request to instruct to that effect so that the jury were informed that it was "one of" the issues.

Appeal from the Circuit Court of Jefferson county; the Hon.

A. D. MORGAN, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded. Opinion filed November 10, 1921.

E. M. PEAVLER, for appellant.

CURTIS WILLIAMS and CONRAD SCHUL, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was brought by appellant in the circuit court of Jefferson county against appellee as indorser on a promissory note. The amended declaration consisted of one count, accompanied by affidavit of merits. To this declaration a plea of nonassumpsit and a plea denying the execution of the indorsement were filed to said declaration, but on motion of appellant were stricken from the files on the ground that they were not verified. Other pleas were filed and rulings of the court had thereon so that the pleas as they finally stood consisted of a special plea denying the execution of said indorsement, verified by affidavit, and a plea of nonassumpsit not verified. While said affidavit filed with said special plea contains averments tending to show failure of consideration, etc., on motion to strike said affidavit from the files, it was stipulated by counsel for appellee in open court "that the only defense relied upon in the affidavit filed March 15, 1920, is that he did not indorse the note sued on."

A trial was had resulting in a verdict and judgment against appellant in bar of action and for costs. To reverse said judgment this appeal is prosecuted.

It is first contended by appellant that the court erred in its rulings on the evidence. The court, over objection, permitted counsel for appellee to cross-question appellant in regard to a certain mortgage on lands in Florida purporting to secure the note sued on; and with reference to the character of said security, etc., and with reference to whether or not there

was a verbal understanding that appellee was not to be held liable on said indorsement. In other words, the cross-examination permitted by the court allowed appellee to go into the matter of the consideration given by appellant to appellee for the note in question and said purported verbal understanding. In view of the stipulation above referred to made by appellee, limiting the defense on said plea and affidavit to the execution of said indorsement, it was error for the court to permit said cross-examination, its tendency being to lead the jury to believe they had a right to go into the question of the consideration given for said note. This was not an issue, and neither was it an issue as to whether or not there was an agreement or understanding between appellant and appellee that appellee was not to be held liable on said indorsement.

It is further contended by appellant that the court erred in admitting some eighteen checks in evidence (which appellee identified as having been signed by himself) as a proposed standard to be used for comparison in determining as to whether or not the signature appearing on the back of the note in question was the genuine signature of appellee. In support of this assignment of error appellant contends, first, that a party whose signature is involved has not the right of his own motion to offer evidence for a standard of comparison. The statute providing for a standard of comparison was passed on June 23, 1915, and was in force July 1, 1915, and consists of three sections being as follows:

Section 1. "That in all courts of this State it shall be lawful to prove handwriting by comparison made by the witness or jury with writings properly in the files or records of the case, admitted in evidence or treated as genuine or admitted to be genuine, by the party against whom the evidence is offered, or proved to be genuine to the satisfaction of the court."

Section 2. "Before a standard of writing shall be

admitted in evidence by the court for comparison such notice thereof as under all the circumstances of the case is reasonable shall first be given to the opposite party or his attorney.''

Section 3. ''A reasonable opportunity to examine such proposed standards shall on motion duly made be accorded the opposite party, his attorney and witnesses, prior to the introduction in evidence of such standards and the court may, in its discretion, impound the same with the clerk of the court for that purpose.'' (Cahill's Ill. St. ch. 51, ¶¶ 50-52.)

An examination of sections 2 and 3 of the foregoing statute leads us to the conclusion that the right to offer a proposed standard of writing is not limited to the party contending that the signature is genuine but that either party has the right to offer proposed standards.

It is next contended by appellant that even though appellee had the right to offer a standard of writing, that before such offer could be made, notice should have been given to appellant that such proposed standard was to be offered. A reading of section 2 above referred to leads us to the conclusion that where the objection is specifically made, as it was in this case, before such writings can be admitted in evidence, reasonable notice must be given.

It is also contended by appellant as a further reason why the court should not have admitted said eighteen checks, that the evidence discloses that all of said checks were signed by appellee subsequent to the indorsement in question and subsequent to the beginning of this suit. We are clearly of the opinion this assignment of error is well taken and that a defendant in this character of case has no right to offer, in evidence, checks or other instruments signed by him as a standard of writing, where such checks or other documents have been signed subsequent to the controversy that has arisen over the signature involved.

It is next contended by appellant that the court

erred in its rulings on the instructions. Instruction No. 1, offered by appellant, informed the jury "that the only issue under the pleadings in this case is whether or not the defendant indorsed his name on the back of the note sued on," etc. The court drew a line through the words "the only" and wrote after those words, the words "one of the" and added "s" to the word "issue." In view of the pleadings and stipulation in this case we hold that the modification should not have been made as the instruction correctly informed the jury that there was but one issue in the case.

The third instruction given for appellee informed the jury 'that one of the issues involved in this case is whether defendant wrote his name on the back of the note sued upon." We are of the opinion that this instruction would tend to lead the jury to believe there was more than one issue to be passed upon by them, when, as above stated, there was but the one.

Complaint is made of certain other instructions but we do not consider the objections urged serious and on another trial they will probably not occur.

Lastly, it is contended by appellant that the verdict is against the manifest weight of the evidence. As this case will have to be retried, we will not discuss the weight of the evidence. It is sufficient to say that the evidence is conflicting as to whether or not the signature in question is the signature of appellant and for that reason the rulings on the admission of evidence and on the instructions should be substantially correct.

For the reasons above set forth the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*